UNITED STATES of America,
Plaintiff–Appellee,

v.

Noe NINO–JARAMILLO, Defendant–
Appellant.

No. 05–20496

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM: *

■ Noe Nino–Jaramillo appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b)(2) by being found in the United States without permission, following deportation. Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Nino–Jaramillo challenges as unconstitutional § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense. Nino–Jaramillo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Nino–Jaramillo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Nino–Jaramillo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

 For the first time on appeal, Nino–Jaramillo argues that the district court erred by enhancing his sentence pursuant to § 2L1.2(b)(1)(A)(ii)(2004) based on its determination that his 1991 conviction under Tex. Penal code § 21.11(a) for indecency with a child was a crime of violence. A "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii) is defined to include "sexual abuse of a minor." *See* § 2L1.2, comment. (n.1(B)(iii)). However, Nino–Jaramillo argues that his conviction under § 21.11(a) did not constitute "sexual abuse of a minor," because the victim of an offense under § 21.11(a) can be as old as a day under seventeen and such an individual would not fall under the generic, contemporary meaning of the term minor as it is used in the vast majority of statutes proscribing sexual activity with or against persons below a certain age.

In *United States v. Zavala–Sustaita,* 214 F.3d 601, 604 (5th Cir.2000), this court held that the victim of a § 21.11(a)(2) offense, " 'a child younger than 17 years,' " is clearly a " 'minor.' " It also held that a violation of § 21.11(a)(2) was "sexual abuse of a minor" as that term is used in its

"ordinary, contemporary, [and] common" meaning. *Id.* at 604–05. Although it is unclear whether Nino–Jaramillo was convicted under § 21.11(a)(1) or (2) and the *Zavala–Sustaita* court reviewed an enhancement imposed under a previous version of § 2L1.2, its reasoning is dispositive in this case. Nino–Jaramillo has not shown error, plain or otherwise. *United States v. Cotton,* 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

The judgment of the district court is AFFIRMED.